Ms. Kay Barnhill Terry State Personnel Administrator Office of Personnel Management Department of Finance and Administration
1509 West Seventh Street, Suite 201 Little Rock, Arkansas 72203-3278
Dear Ms. Terry:
I am writing in response to several requests, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for my opinion on whether the release of certain records in the Arkansas Administration Statewide Information System (AASIS) would be consistent with the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101 to-110 (Repl. 2002 Supp. 2009). The requests reference an e-mail to Don Lukas, of the Arkansas Department of Finance and Administration, from Dakin Sloss of California Common Sense. Mr. Sloss seeks an electronic copy of the name, agency, job title, and salary of every state employee.
Seven state employees object to and request this office's review of the custodian's decision to release this information. These employees object for the following reasons:
 • two simply state that they "do not wish" their information to be released;
 • two object because they want to know the requester's intention;
 • two object because they believe the release of this information would make it easier for abusive ex-spouses to locate them; one has a restraining order, the other does not indicate whether a restraining order is in place; and *Page 2 
 • one objects because the requester is not an Arkansas citizen.
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of certain employee-related documents is consistent with the FOIA. In the present case, the custodian has determined that the requested records are personnel records and should be released. In my opinion the custodian's decision is consistent with the FOIA.
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
As this office has consistently opined, given the nature of this request, the first two elements are clearly met. The analysis for those two elements is contained in Opinion No. 2011-045, which is enclosed. So I will not repeat it here.
Turing to the third element, the question is whether some exception shields these records from disclosure. As noted in Opinion No. 2011-045, these records meet the definition of a "personnel record."[1] Accordingly, the FOIA requires that these records be released unless doing so constitutes a "clearly unwarranted invasion of personal privacy"[2] As Opinion No. 2011-045 explains, the release of these kinds of records — i.e. those reflecting the name, salary, job title, etc. — will rarely rise to the level of such an invasion. Therefore, these kinds of records generally must be released.
The only remaining question is whether any of the objections present facts showing that, given specific considerations, the release of the objectors' records would constitute a clearly unwarranted invasion of personal privacy. I will address each objection in turn. *Page 3 
None of the objections listed in the first two bullet-points above requires the records be withheld, in my opinion. The first two objectors merely state their desire that the information not be released. But, under the FOIA, the question whether the subject of the records desires to have their records released is not relevant to the analysis. The third and fourth objectors question whether the requester really needs the names of employees. This office has consistently explained that state employees' names are generally releasable under the FOIA and the requester's motive in seeking the records is generally not relevant.[3] Further, as this office has consistently noted, the public is the employer of these individuals and pays their salaries. It is reasonable to expect that an employer would have an interest in knowing whom it employs.[4] Thus, the decision to release these objectors' records is consistent with the FOIA, in my opinion.
Two employees object to releasing their personnel records because doing so might enable abusive ex-spouses to find them. Their argument is, presumably, that releasing their names, salaries, and the name of their agencies would be a clearly unwarranted invasion of personal privacy because, in their case, it may raise the probability that the ex-spouse will find them and harm them. In 2006, my predecessor was presented with a similar scenario and opined that the release of personnel records would not constitute a clearly unwarranted invasion of personal privacy. Opinion2006-142 reviewed a custodian's decision to release personnel records to a requester who had been the subject of a "No Contact Order" that forbade the requester from contacting the employee in any way. In that case, my predecessor opined that, absent a review of the actual court order, the release of the personnel records to the subject of the "No Contact Order" was not a clearly unwarranted invasion of personal privacy. I concur with my predecessor's analysis, which, when applied to the current case, requires the records be released, in my opinion. Thus, the custodian's decision to release these two employees' names, salaries, etc. is consistent with the FOIA.
The final objector argues that the requester is not entitled to use the FOIA because the requester is not an Arkansas citizen. As this office has previously noted, the FOIA only requires that access to records be provided to Arkansas citizens: "[A]ll public records shall be open to inspection and copying by any citizen of the State *Page 4 
of Arkansas. . . ."[5] Accordingly, as I explained in Opinion2008-191, if the requester is not an Arkansas citizen, then that would be a basis for denying the request. I will note, however, that the Third Circuit Court of Appeals has issued a decision that — while not binding in Arkansas — used the Privileges and Immunities Clause of the U.S. Constitution to hold that the citizen restriction in Delaware's FOIA was unconstitutional.[6]
Additionally, given that the FOIA does not prohibit the release of public records to non-citizens of Arkansas, a custodian might reasonably decide to grant the FOIA request in light of the Third Circuit decision.
In summary, in my opinion, the custodian's decision to classify the requested documents as personnel records is consistent with the FOIA; the decision to release the records under the personnel-records test is consistent with the FOIA; and none of the objections overcomes either of those decisions. As a final matter, please note this opinion does not preclude anyone from pursuing judicial remedies afforded by the FOIA. The custodian's decision is subject to court review under A.C.A. § 25-19-107, which provides for a citizen's appeal to enforce the rights granted by the FOIA. Such an appeal may be made to the Pulaski County Circuit Court or to the circuit court of the residence of the aggrieved party.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
Enclosure
[1] Please see Opinion No. 2011-045 for the definition of "personnel record."
[2] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[3] Op. Att'y Gen. No 2011-045 (citing multiple opinions).
[4] E.g. Op. Att'y Gen. Nos. 2011-048, 90-335.
[5] E.g., Op. Att'y Gen. 2001-314, at note 1 (citing A.C.A. § 25-19-105(a)(1)); see also J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (5th ed., Arkansas Law Press 2009), at 87.
[6] Lee v. Minner, 458 F.3d 194 (3rd Cir. 2006); seealso Watkins Peltz, supra note 5, at 92-94 (analyzingLee v. Minner). *Page 1